## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY WARREN, | ) |
| | ) |
|       Plaintiff, | ) |
|     v. | ) Case No. 1:23-cv-02093-RLY-DML |
| | ) |
| DENNIS REAGLE; MAGGIE BRYANT; | ) |
| DAVID CHAPPELL; KRISTINA CARTER; | ) |
| EMILY "KNOTT'S" SPARTEN; CENTURION | ) |
| HEALTH OF INDIANA, LLC; JOHN MERSHON; ) |
| MELISSA BAGIENSKI; DANIELLE STASIAK; ) |
| KRISTINA PRYOR; EUNICE ADETURO; LISA ) |
| HAMBLEN; | ) |
|       Defendant(s). | |

## **MOTION FOR DEFAULT JUDGMENT**

*Comes now* the Plaintiff, Larry Warren, *pro se*, respectfully request this Court enter default judgment against State Defendant's Kristina Carter, Emily "Knotts" Sparten, Medical Defendants Melissa Bagienski, Danielle Stasiak, Kristina Pryor and Eunice Adeturo that Defendants have failed to respond to complaints against them pursuant Federal Rules of Civil Procedure , Rule 55, The Plaintiff will state the following in support;

1. On November 20, 2023, the Plaintiff filed a civil rights complaint against defendants, see [Dkt. 2].

2. May 9, 2024, the Courts screened complaint and directed Plaintiff to file an amended complaint see [Dkt. 28].

3. June 19, 2024, Plaintiff filed his amended complaint, See [Dkt. 28].

4. October 15, 2024, the Courts order screening order severing some claims, see [Dkt. 33].

5. December 19, 2024, notice of appearance was filed by Medical Defendants, see [Dkt. 38]. Id. 338. Waiver of summons was also filed on same date.

6. December 23, 2024, the State Defendant's filed their waiver of summons and notice of appearance.

7.     To date, no entries of appearance of counsel for State Defendant's Kristina Carter, Emily "Knotts" Sparten, Medical Defendants Melissa Bagienski, Danielle Stasiak, Kristina Pryor and Eunice Adeturo has been made and or any timely responses to the complaint itself.

8.     As such, the Plaintiff now moves this Court for default judgment against those Defendant's pursuant to Fed. R. Civ. Proc. Rule 55.

*I.     Authority*

1.     Federal Rule of Civil Procedure 55, create a two-step process for a party seeking judgment. See, *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.,* 811 F. 3d 247, 255 (7ᵗʰ Cir. 2016. First, the Plaintiff must obtain an entry of default from the Clerk, Fed. R. Civ. P. 55 (a). Upon default, the well pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F. 3d at 255. Second, after obtaining entry of default, the Plaintiff may seek an entry of default judgment, Fed. R. Civ. P. 55(b).

2.     As a general rule, a default judgment establishes, as a matter of law, that defendants are liable to plaintiff as to each cause of action alleged in complaint. *DiMucci,* 879 F.2d at 1497. See also, *Dundee Cement Co. v. Howard Pipe & Concrete Products Inc.,* 722 F. 2d 1319, 1323 (7ᵗʰ Cir. 1983).

3.     When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. 55(a).

4.     A default judgment should not be a "ready response to all litigant misbehavior." *Comercia Bank v. Esposito,* 215 Fed. App'x 506, 508, (7ᵗʰ Cir. 2007)(quoting *Stafford v. Mesnik,* 63 F. 3d 1445, 1450 (7ᵗʰ Cir. 1995)). In ruling on a motion for default judgment, courts consider whether the defendants exhibited a willful refusal to litigate the case properly, *Davis v. Hutchins,* 321 f. 3d 641, 646 (7ᵗʰ Cir, 2003), the proportionality of the sanction to the defaulting party's conduct, and the choice of a default judgment over other available sanctions. "*Jones v. Phipps*, 39 F. 2d 158, 162 (7ᵗʰ Cir. 1994).

5.     Before the entry of default judgment, fed. R. Civ. P. 55(b)(2) provides for the district court, as it deems necessary and proper, to conduct an evidentiary proceeding to determine the proper amount of damages. Such proceedings are required unless the amount claimed is liquidation or capable of ascertainment from definite contained in documentary evidence or detailed affidavits, Id. Dundee, 722 F. 2d at 12313.

## *II. ARGUMENT*

6.     As stated, the State Defendant's Kristina Carter, Emily "Knotts" Sparten, Medical Defendants Melissa Bagienski, Danielle Stasiak, Kristina Pryor and Eunice Adeturo has failed to have any attorney enter their appearance on their behalf in this action and or pled or otherwise defend to the allegations against them within the 60 day period as required by Fed. R. Civ. Proc. Rule 4(d)(3).

7.     That they were in fact served their summons/complaint because all other Defendants were served, see [Dkt. 38].

8.     Pursuant to Fed. R. Civ. P. 55(a), the clerk must enter the party's default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. In this case, the record supports and shows these failures of these State Defendant's Kristina Carter, Emily "Knotts" Sparten, Medical Defendants Melissa Bagienski, Danielle Stasiak, Kristina Pryor and Eunice Adeturo.

9.     As such, the plaintiff moves for this Court to enter Defeault judgment against them for failure to respond pursuant to Fed. R. Civ. Proc., Rule 55 within the 60 days requirement pursunt to fed. R. Civ. Proc., Rule 12.

### *III.     CONCLUSION*

Therefore, Plaintiff respectfully request this Court to enter Default Judgment, pursuant to Rule 55, against the State Defendant's Kristina Carter, Emily "Knotts" Sparten, Medical Defendants Melissa Bagienski, Danielle Stasiak, Kristina Pryor and Eunice Adeturo

**WHEREFORE**, the Plaintiff, Larry Warren, pro se, respectfully request the Court to issue an order of Default Judgment against State Defendants, Kristina Carter, Emily "Knotts" Sparten, Medical Defendants Melissa Bagienski, Danielle Stasiak, Kristina Pryor and Eunice Adeturo pursuant to Federal Rules of Civil Procedure, Rule 12, for other and just proper relief in these premises.

Dated this 7th day of July, 2025.

Respectfully Submitted,

Larry Warren, 230853, *pro se*
Pendleton Correctional Facility
4490 W. Reformatory Rd.
Pendleton, IN. 46064-9001

CERTIFICATE OF SERVICE

I, hereby certify that on this 7th day of July, 2025. I did Not electronically filed the foregoing with the Clerk of the Court using the CM/ECF system but informally served upon all Counsel of record as listed below, via US mail, with sufficient postage attached.


Lewis And Wilkins, LLP
Attn: E. Ryan Shouse
8777 Purdue Rd. Suite 330
Indianapolis, In 46268


Riley Bennett Egloff, LLP
Attn: J. Flynt + L. Binford
500 N. Meridian Street. Ste. 550
Indianapolis, IN 46204


Respectfully submitted,

Larry Warren, #230853, pro se
Pendleton Correctional Facility
4490 W. Reformatory Rd
Pendleton, In 46064

Larry Warren, #95859
Pendleton Corr. Fac.
4490 N. Reformatory Rd.
Pendleton, IN 46064

INDIANAPOLIS IN 460

9 JUL 2025 PM 4 L

FIRST CLASS

US POSTAGE PITNEY BOWES

ZIP 46064   $ 000.97⁰
02 7W
0008036527 JUL 09 2025

U.S. District Court, Southern Dist. of Ind.
Attn: Clerk of Court
46 E. Ohio Street
Indpls, In 46204

FILED

JUL 11 2025

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

Legal
Mail

46204-190399